UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES NEWSON,<br><br>    Plaintiff,<br><br>    v.<br><br>NAN CHEN, Chief Financial Officer of California State Disbursement Unit,<br><br>    Defendant. | No. 2:24-cv-00558 DAD AC (PS)<br><br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and have submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

I. SCREENING

A.  Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The

Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

////

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B.   The Complaint

Plaintiff sues Nan Chen, whom he alleges is the Chief Financial Officer of the California State Disbursement Unit for San Joaquin County, for violations of 31 U.S.C. §3123, 18 U.S.C. §8, 12 U.S.C. §504, the Bill of Exchange Act of 1882, and 42 U.S.C. 1983. ECF No. 1 at 1-4. Jurisdiction is asserted based 28 U.S.C. §1331 (federal question). Id. at 3. Plaintiff alleges he sent the California State Disbursement Unit for San Joaquin County Child Support a "notice of claim to interest" on October 26, 2023, again on November 20, 2023, and again on December 4, 2023, but his account has not been credited. Id. at 5. Plaintiff alleges that Chen has not accepted his tender of payment and intentionally ignored his letters, depriving him of his rights and privileges and leading him to lose his driver's license. Id. Plaintiff asks the court to order Chen to apply his tender of payment in the amount of $136,122.06, and for damages in the amount of $408,386.00. Id. at 6.

Plaintiff attaches to his complaint copies of the notices with photocopies of the postage. Id. at 8-10. The notices instruct Chen to "apply Principal balance to Principal Account" but do not contain any information about the alleged payment. Id. Plaintiff also attaches a photo of a durable power of attorney document which has a "Payment Coupon" lying on top of it; the coupon appears to be a form issued by the California State Disbursement Unit. The Coupon instructs the holder to write the payment ID number "on your check." Id. at 11. In handwriting on this Coupon, the words "One Hundred Thirty-six thousand one Hundred twenty-two and 06/100" are written, with the handwritten words "Pay to Bearer" and "Pay on Demand" written

3

underneath. Id. Plaintiff also attaches a photocopy of a notarized durable power of attorney document, in which he assigns durable power of attorney to himself. Id. at 13-14.

      C.     Analysis

The complaint does not present a plausible legal claim upon which relief can be granted. Though plaintiff names several federal statutes, only one of the statutes he cites provides a private cause of action, and the complaint does not provide facts to support a legal claim under that statute. First, 12 U.S.C. §504 is a statute that applies to banks that are members of the Federal Reserve. The California State Disbursement Unit ("CSDU") is a centralized payment processing center for child support payments in California; it is an agency of the State of California and is not a bank subject to this code. Likewise, 31 U.S.C. §3123 relates to the federal government's obligations regarding payment on federal government bonds; it plainly does not apply to CSDU. The plain text of both federal statutes makes clear that they are inapplicable to plaintiff's facts.

Second, plaintiff's citation to the Bill of Exchange Act is frivolous; there is no such federal law, and courts have routinely found citations to the "Bill of Exchange Act" to be frivolous. See, e.g., Smith v. Osvaldik, No. 1:23-CV-01488-HBK, 2024 WL 733227, at *4, 2024 U.S. Dist. LEXIS 30497 (E.D. Cal. Feb. 22, 2024), report and recommendation adopted, No. 1:23-CV-1488 JLT HBK, 2024 WL 1160680 (E.D. Cal. Mar. 18, 2024); Davis v. ACEF Martin Folsom LLC, No. 2:23-cv-2816-TLN-KJN-PS, 2023 WL 8477987, at *2, 2023 U.S. Dist. LEXIS 217961 (E.D. Cal. Dec. 7, 2023). Third, as to plaintiff's reference to 18 U.S.C. § 8, the cited provision defines the phrase "obligation or other security of the United States" for purposes of the federal criminal code; it creates no cause of action. Plaintiff is informed that "[c]riminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch." Clinton v. Jones, 520 U.S. 681, 718 (1997). Accordingly, Title 18 of the United States Code does not establish any private right of action and cannot support a civil lawsuit. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability).

Fourth and finally, the only federal statute that plaintiff cites that could possibly provide a cause of action is 42 U.S.C. § 1983, but the complaint does not contain any facts that would

support a claim under this provision.  Section 1983 "creates a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution."  Henderson v. City of Simi Valley, 305 F.3d 1052, 1056 (9th Cir. 2002).  To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. County of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another person of a constitutional right "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  To allege a claim under §1983, the complaint must identify which of plaintiff's constitutional rights were allegedly violated by which acts of which defendants, and plaintiff must provide supporting facts.  Plaintiff will be given leave to file an amended complaint that properly alleges a claim under § 1983.

As drafted, the complaint does not state a claim upon which relief can be granted.  Rather than recommending dismissal of the action, the undersigned will provide plaintiff an opportunity to amend his complaint to allege a cognizable cause of action.

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must properly state a claim under 24 U.S.C. § 1983 or another federal law that provides a cause of action and must provide facts sufficient to support a legal claim.  It must contain a short and plain statement of plaintiff's claims.  The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.

////

1  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA
2  95814, or online at www.uscourts.gov/forms/pro-se-forms.
3        Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid
4  narrative and storytelling.  That is, the complaint should not include every detail of what
5  happened, nor recount the details of conversations (unless necessary to establish the claim), nor
6  give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should
7  contain only those facts needed to show how the defendant legally wronged the plaintiff.
8        The amended complaint must not force the court and the defendants to guess at what is
9  being alleged against whom.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996)
10 (affirming dismissal of a complaint where the district court was "literally guessing as to what
11 facts support the legal claims being asserted against certain defendants").  The amended
12 complaint must not require the court to spend its time "preparing the 'short and plain statement'
13 which Rule 8 obligated plaintiffs to submit."  Id. at 1180.  The amended complaint must not
14 require the court and defendants to prepare lengthy outlines "to determine who is being sued for
15 what."  Id. at 1179.
16       Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's
17 amended complaint complete.  An amended complaint must be complete in itself without
18 reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended
19 complaint supersedes the original complaint.  See Pacific Bell Tel. Co. v. Linkline
20 Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint
21 supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice &
22 Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an
23 original complaint, each claim and the involvement of each defendant must be sufficiently
24 alleged.

### III.  PRO SE PLAINTIFF'S SUMMARY

26 It is not clear that this case can proceed.  The federal statutes you list for your claims do
27 not give you any right to sue, except for 42 U.S.C. §1983.  However, your complaint does not
28 contain enough information to support a §1983 claim.

You are being given 30 days to submit an amended complaint. In your amended complaint, you need to tell the court which of your constitutional rights was violated, who violated that right, how it was violated, and how the violation impacted you. If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

## IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall have 30 days from the date of this order to file an amended complaint that complies with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: May 30, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

7