UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES NEWSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NAN CHEN, Chief Financial Officer of California State Disbursement Unit,<br><br>　　　　Defendant. | No. 2:24-cv-00558 DAD AC (PS)<br><br><br>ORDER |

　　　　Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21).  Plaintiff filed a request for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute; that motion was granted.  See 28 U.S.C. § 1915(a)(1), ECF No. 3.  The initial complaint was rejected with leave to amend pursuant to the screening process that accompanies IFP status, discussed below.  ECF No. 3.  Now before the court for screening is plaintiff's First Amended Complaint.  ECF No. 4.

## I.  SCREENING

### A.    Legal Standard

　　　　The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely, and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice

///

to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B.  The Complaint

Plaintiff sues Nan Chen, Chief Financial Officer of the California State Disbursement Unit, under 42 U.S.C. 1983 for violations of the Fourteenth Amendment. ECF No. 4 at 1-4. The complaint is brief and contains few factual allegations. Plaintiff alleges that Chen has a legal obligation to accept a negotiable instrument, and that the duty has been breached, causing pain and suffering, as well as the loss of plaintiff's driver's license. Id. at 6. Plaintiff alleges Chen's non-performance "is a violation of my rights and privileges as holder indue course and beneficiary of the account with the acts done by Nan Chen." Id. Plaintiff states "the amount in Controversy is $136,122.06 Because that [is] what the negotiable instrument was valued at." Id. at 5.

C.  Analysis

The amended complaint does not present a plausible legal claim upon which relief can be granted; in fact, it contains less information than the original complaint did. Plaintiff asserts a claim under 42 U.S.C. § 1983 and states that defendant violated his Fourteenth Amendment, but the first amended complaint does not identify which of the rights guaranteed by the Fourteenth Amendment was allegedly violated, or state other facts essential to a claim under the civil rights statute. Section 1983 "creates a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution." Henderson v. City of Simi

Valley, 305 F.3d 1052, 1056 (9th Cir. 2002).  To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. County of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another person of a constitutional right "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).

The Fourteenth Amendment provides various protections.  For example, pursuant to the Due Process Clause of the Fourteenth Amendment, "No State shall ... deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  "A section 1983 claim based upon procedural due process thus has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process."  Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993).  The first amended complaint does not contain factual allegations showing that plaintiff had a protected interest which was invaded without the legally required process.

The Fourteenth Amendment also contains an Equal Protection Clause.  In a § 1983 claim alleging a violation of this clause, a plaintiff "must prove that the defendant acted in a discriminatory manner and that the discrimination was intentional."  FDIC v. Henderson, 940 F.2d 465, 471 (9th Cir.1991) (internal citations omitted).  In other words, plaintiff must plead and prove facts that demonstrate that the defendant acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.  Thornton v. City of St. Helens, 425 F.3d 1158, 1166–67 (9th Cir. 2005).  The first amended complaint does not contain factual allegations showing that plaintiff was treated differently from other similarly situated individuals because of racial prejudice or other illegal discrimination.

///

1    The Fourteenth Amendment also incorporates certain other provisions of the Bill of
2 Rights as rights which must be respected by the individual states as well as by the federal
3 government.  See McDonald v. City of Chicago, 561 U.S. 742, 763 (2010).  The first amended
4 complaint does not contain factual allegations showing that Ms. Chen violated any specific right
5 of plaintiff's guaranteed by any of the first eight Amendments.
6    For all these reasons, plaintiff has again failed to state a cognizable claim.  Rather than
7 recommending dismissal of the action, the undersigned will provide plaintiff a second opportunity
8 to amend his complaint.

## II.  AMENDING THE COMPLAINT

10    If plaintiff chooses to amend the complaint, the amended complaint must properly state a
11 claim under 24 U.S.C. § 1983 or another federal law that provides a cause of action <u>and must</u>
12 <u>provide facts sufficient to support a legal claim</u>.
13    An amended complaint must contain a short and plain statement of plaintiff's claims.  The
14 allegations of the complaint must be set forth in sequentially numbered paragraphs, with each
15 paragraph number being one greater than the one before, each paragraph having its own number,
16 and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be
17 limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are
18 available to help plaintiffs organize their complaint in the proper way.  They are available at the
19 Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at
20 www.uscourts.gov/forms/pro-se-forms.
21    The amended complaint must not force the court and the defendants to guess at what is
22 being alleged against whom.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996)
23 (affirming dismissal of a complaint where the district court was "literally guessing as to what
24 facts support the legal claims being asserted against certain defendants").  The amended
25 complaint must not require the court to spend its time "preparing the 'short and plain statement'
26 which Rule 8 obligated plaintiffs to submit." Id. at 1180.  The amended complaint must not
27 require the court and defendants to prepare lengthy outlines "to determine who is being sued for
28 what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III. PRO SE PLAINTIFF'S SUMMARY

It is not clear that this case can proceed. Even though 42 U.S.C. §1983 allows for a cause of action for a Fourteenth Amendment violation, your case cannot go forward unless you tell the court which one of your Fourteenth Amendment rights was violated, and how the defendant violated that right. To do this, you need to provide facts to support your claim. Your amended complaint does not contain enough information to support a §1983 claim.

You are being given 30 days to submit a second amended complaint. In your second amended complaint, you need to tell the court which of your constitutional rights was violated, who violated that right, how it was violated, and how the violation impacted you. If you do not submit a second amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

### IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the amended complaint at ECF No. 4 is rejected pursuant to the IFP screening process, and that plaintiff shall have 30 days from the date of this order to file a second amended complaint that complies with the instructions given above.

///
///
///
///

If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: July 9, 2024.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE