UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES NEWSON, | No. 2:24-cv-0558 DAD AC PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| NAN CHEN, Chief Financial Officer of California State Disbursement Unit, | |
| Defendants. | |

Plaintiff is proceeding pro se, and this action accordingly was referred to the undersigned by Local Rule 302(c)(21). Plaintiff was granted leave to proceed in forma pauperis, and his initial complaint was found unsuitable for service. ECF No. 3. Plaintiff filed a first amended complaint, which was also found unsuitable for service. ECF Nos. 4, 5. Now before the court is plaintiff's second amended complaint ("SAC"). Because the court finds this complaint also unsuitable for service, the undersigned recommends that the complaint be dismissed without further leave to amend.

**I. Screening Standard**

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000)).

////

////

## II.  The Second Amended Complaint

Plaintiff sues Nan Chen, Chief Financial Officer of the California State Disbursement Unit, under 42 U.S.C. 1983 for violations of the Fourteenth Amendment, the Due Process Clause, and for violations of the California Commercial Code.  ECF No. 6 at 4.  The Second Amended Complaint, like plaintiff's first two complaints, is brief and contains very few factual allegations.  Plaintiff alleges that Chen failed in her financial duties to accept a negotiable instrument.  Id.  Plaintiff alleges that "taking away my driver license and garnishing any type of wages I may earn and never giving me an opportunity to present [a] reason why such action should have not taking [sic] place violates the Due Process Clause.  Which has now put a restraint on my life liberty and freedom promise in the 14th amendment."  Id. at 6.  Plaintiff seeks monetary damages.

## III.  Failure to State a Claim

The second amended complaint does not present a plausible legal claim upon which relief can be granted.  Like the first amended complaint, it contains even less information than the original complaint did.  Plaintiff asserts a claim under 42 U.S.C. § 1983 and states that defendant violated his Fourteenth Amendment rights, but does not state facts essential to a claim under the civil rights statute.  Section 1983 "creates a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution."  Henderson v. City of Simi Valley, 305 F.3d 1052, 1056 (9th Cir. 2002).  To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. County of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another person of a constitutional right "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).

In the court's previous order, it was explained that the Fourteenth Amendment provides

various protections. For example, pursuant to the Due Process Clause of the Fourteenth Amendment, "No State shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "A section 1983 claim based upon procedural due process thus has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993). While plaintiff uses the words "due process," the second amended complaint does not contain factual allegations showing that plaintiff had a protected interest which was invaded without the legally required process.

The Fourteenth Amendment also contains an Equal Protection Clause. In a § 1983 claim alleging a violation of this clause, a plaintiff "must prove that the defendant acted in a discriminatory manner and that the discrimination was intentional." FDIC v. Henderson, 940 F.2d 465, 471 (9th Cir.1991) (internal citations omitted). In other words, a plaintiff must plead and prove facts that demonstrate that the defendant acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. Thornton v. City of St. Helens, 425 F.3d 1158, 1166–67 (9th Cir. 2005). The second amended complaint does not contain factual allegations showing that plaintiff was treated differently from other similarly situated individuals because of racial prejudice or other illegal discrimination.

The Fourteenth Amendment also incorporates certain other provisions of the Bill of Rights as rights which must be respected by the individual states as well as by the federal government. See McDonald v. City of Chicago, 561 U.S. 742, 763 (2010). The second amended complaint does not contain factual allegations showing that Ms. Chen violated any specific constitutional right. Finally, plaintiff's reference to the California Commercial Code is unsupported by any factual allegations. For all these reasons, plaintiff has again failed to state a cognizable claim.

### IV. Further Leave to Amend Would Be Futile

For the reasons explained above, the second amended complaint is subject to summary dismissal under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted. Ordinarily, pro se plaintiffs are given the opportunity to amend a deficient complaint.

Noll, 809 F.2d at 144.  In this case, plaintiff has twice had the opportunity to amend.  Despite being given guidance from the court regarding elements of claims and presentation of facts, plaintiff submitted a Second Amended Complaint that fails to cure several fundamental deficiencies of the original and First Amended Complaint.  In light of the circumstances of this case, it is clear to the undersigned that further leave to amend would be futile.  Accordingly, the undersigned recommends dismissal without further leave to amend.

### V.  Pro Se Plaintiff's Summary

The magistrate judge is recommending that your case be dismissed, because the complaint does not provide facts that show a violation of your constitutional rights.  Because you have already had two chances to amend your complaint, the magistrate judge recommends that you not have another chance to amend.  You can object to these recommendations in writing within 21 days.  The district judge will consider your objections and make the final decision.

### VI.  Conclusion

For the reasons explained above, the undersigned recommends that the Second Amended Complaint (ECF No. 6) be DISMISSED with prejudice and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: October 24, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE