UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES NEWSON,<br><br>    Plaintiff,<br><br>v.<br><br>NAN CHEN,<br><br>    Defendant. | No. 2:24-cv-0558 DAD AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

This matter is before the court on plaintiff's motion for reconsideration of the order dismissing this case. ECF No. 11. Plaintiff is proceeding pro se, and accordingly this motion was referred to the undersigned pursuant to Local Rule 302(c)(21). The court construes plaintiff's request as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60. For the reasons that follow, plaintiff's request should be DENIED.

**I.      RELEVANT FACTUAL AND PROCEDURAL HISTORY**

Plaintiff filed his complaint on February 22, 2024, along with an application to proceed In Forma Pauperis ("IFP"). ECF No. 1. Plaintiff's complaint went through the screening process that accompanies IFP status and plaintiff was twice given an opportunity to amend his complaint to make it serviceable. In the operative second amended complaint, plaintiff sued Nan Chen, Chief Financial Officer of the California State Disbursement Unit, under 42 U.S.C. § 1983 for violations of the Fourteenth Amendment, the Due Process Clause, and for violations of the California Commercial Code. ECF No. 6 at 4.

In screening the Second Amended Complaint the court noted that the SAC, like plaintiff's first two complaints, was brief and contained very few factual allegations. ECF No. 7 at 3. Plaintiff alleged that Chen failed in her financial duties to accept a negotiable instrument. Id. Plaintiff alleged that "taking away my driver license and garnishing any type of wages I may earn and never giving me an opportunity to present [a] reason why such action should have not taking [sic.] place violates the Due Process Clause. Which has now put a restraint on my life liberty and freedom promise in the 14th amendment." Id.

The undersigned recommended on October 25, 2024 that the case be dismissed for failure to state a claim. ECF No. 7. Plaintiff filed objections to the findings and recommendations. ECF No. 8. On April 16, 2025, the district judge adopted the findings and recommendations, entered judgment, and closed this case. ECF No. 10.

## II.   THE MOTION

On May 8, 2025, plaintiff filed a motion titled "Motion for Reconsideration." ECF No. 11. The motion asks the court to re-open the case. Id. Within the brief, plaintiff cites Fed. R. Civ. P. 60(b), and the court accordingly construes the filing as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60.

## III.   STANDARDS

The law of the case doctrine provides that "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997). A motion for reconsideration generally should not be granted unless the district court is presented with newly discovered evidence, has committed clear error, or there has been an intervening change in the controlling law. Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). A party seeking reconsideration must do more than disagree with the court's decision or recapitulate that which the court has previously considered. United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Nor can a reconsideration motion "be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, 571 F.3d at 880.

"To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Westlands Water Dist., 134 F.Supp.2d at 1131 (internal citations omitted).

Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration of a final judgment or any order where one of more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; and (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). A motion for reconsideration on any of these grounds must be brought within a reasonable time, and no later than one year, of the entry of the judgment or the order being challenged. Id. "Motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are addressed to the sound discretion of the district court..." Allmerica Financial Life Insurance and Annuity Company v. Llewellyn,139 F.3d 664, 665 (9th Cir. 1997).

### IV.   ANALYSIS

Plaintiff has not argued any of the Rule 60(b) grounds for relief from judgment, nor referenced any circumstances that could be construed as properly implicating any of the Rule 60(b) criteria. Plaintiff has not identified any cognizable ground for reconsideration. Instead, plaintiff states that he is not a sovereign citizen. ECF No. 1 at 2. He clarifies he "is not relying on commercial theory or fringe arguments, but rather invokes equitable rights of the subrogee to the principal, exercising the lawful authority of attorney in fact, and demanding remedy as Beneficiary of the trust account titled in the name of JAMES NEWSON. Id. at 2. Plaintiff's motion does nothing to justify relief from judgment and is insufficient as a matter of law. See Fed. R. Civ. P. 60(b); Westlands Water Dist., 134 F.Supp.2d at 1131. Relief from judgment is not warranted.

### V.   CONCLUSION

It is HEREBY RECOMMENDED that plaintiff's motion for relief from judgment (ECF No. 11) be DENIED and that plaintiff be instructed that no further post-judgment motions will be

considered.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: May 14, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE